IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:24-cv-12717-RGS |
| ) | |
| v. ) | Judge Richard G. Stearns |
| ) | |
| BRIAN P. BARTLETT; and ) | |
| HSBC BANK USA, N.A., ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER APPOINTING RECEIVER**

WHEREAS, the Plaintiff United States of America filed this action to enforce federal tax liens associated with Brian P. Bartlett's unpaid federal income tax liabilities against real property located in Andover, Massachusetts;

WHEREAS, on January 27, 2025, this Court entered judgment in favor of the United States, stating that the United States is entitled to enforce the federal tax liens that have attached to the subject real property in dispute in this action (which is more fully described below);

WHEREAS, the United States has now moved this Court for the appointment of a Receiver to sell such property;

IT IS NOW SO ORDERED:

1.      **APPOINTMENT OF RECEIVER.** Ashley Brennan is appointed as Receiver for the purposes of assisting in the enforcement of the federal tax liens against the real property located in Andover, Massachusetts, pursuant to 26 U.S.C. §§ 7402(a) and 7403(d), and is

directed to take custody and arrange for the sale of such real property (the "Property"), the legal description of which is as follows:

> Lot 12 on a plan entitled, "Plan of Mr. Joseph Gleeson, Andover, MA." dated April 1, 1942, Charles E. Cyr, C.E. Lawrence, MA." bounded and described as follows:
>
> NORTHERLY    110 Feet by Lot 11 as shown on said plan;
>
> EASTERLY   94 feet, more or less, by land now or formerly of Warren Abbott;
>
> SOUTHERLY 90.75 feet by a wall as shown on said plan at land now or formerly of one Bateman;
>
> WESTERLY   by the easterly line of North Street as shown on said plan, 79 feet by chord as shown on said plan.
>
> Containing 8,375 square feet, more or less.
>
> Being the same premises conveyed to Kenneth H. Rouselle, Trustee of the Kenneth H. Rousselle Revocable Trust u/d/t November 8, 1996, recorded Essex North Registry of Deeds, book 4648, Page 60.
>
> Kenneth H. Rousselle died April 17, 2000, (Essex Probate No. 00P142EP1).
>
> Executed as a sealed instrument this 19th day of January, 2001.
>
> Meaning to describe the property conveyed to Brian P. Bartlett by quitclaim deed of Jane Richards, Executrix and Successor-Co-Trustee, and Kenneth A. Rousselle, Successor-Co-Trustee, dated January 19, 2001, and recorded with the Essex County Registry of Deeds at Book 5983, Page 44, on January 19, 2001.

  2.    **RECEIVER AUTHORITY TO SELL PROPERTY**. The Receiver shall have the authority to arrange for the sale of the Property, subject to approval by this Court, in any manner approved by the United States. The terms of the purchase agreement shall include the balance of the purchase price paid in cash at closing, and shall include an earnest money deposit, in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform, and to be paid first to HSBC Bank USA, N.A., and second to the United States

consistent with the parties' Stipulation Regarding Priority of HSBC Bank USA, N.A., entered by this Court at ECF No. 21.

3.  **SALE OF CLEAR TITLE.** The sale of the Property shall be free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including any rights of redemption. Subject to the judgment and other orders of this Court, including the provisions of this Order of Appointment of Receiver, any rights, titles, claims, liens, and interests of all parties to this action shall attach to the proceeds of sale to the same extent and in the same order of priority as they did against the Property, and the order of priority and distribution of the proceeds of sale are set forth in the prior order of the Court entered at ECF No. 21.

4.  **SALE SUBJECT TO BUILDING LINES, LAWS, ORDINANCES, REGULATIONS, AND ITEMS OF RECORD.** The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements, restrictions, and reservations of record, if any.

5.  **"AS IS" SALE.** The Property shall be offered for sale "as is," with all faults and without any warranties either express or implied.

6.  **NO RIGHT OF REDEMPTION.** The sale shall be made without any right of redemption.

7.  **TAXPAYER OPTION TO TEMPORARILY REMAIN AT PROPERTY.** Brian P. Bartlett may continue to reside at the Property, pending a purchase contract, provided he provides the United States with his written agreement to all terms of this paragraph within 30 days of the Court's order appointing the Receiver. In any event, Mr. Bartlett must vacate the Property no later than 10 days before the date of closing. While he continues to reside in the Property, Mr. Bartlett shall maintain said property in saleable condition and shall cooperate and

comply with the Receiver's efforts to sell the property. That includes providing access to the Property for the Receiver to show it to prospective buyers. In addition, while he continues to reside at the Property, Mr. Bartlett shall continue to pay any property tax assessments as they come due and shall maintain hazard insurance on the Property until the sale of such property is closed.

8. **DUTY TO VACATE PROPERTY.** If Brian P. Bartlett does not agree to abide by the terms set forth in Paragraph 7, above, within 30 days of the Court's entry of this Order, he and any person occupying the Property shall vacate the property within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to vacate the Property by the date specified in this Order, the Receiver and the United States are authorized to coordinate with the United States Marshals Service to take all actions that are reasonably necessary to have those persons ejected. The United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way, with the execution of this Order.

9. **FORFEITED AND ABANDONED PROPERTY.** If Brian P. Bartlett does not agree to abide by the terms set forth in Paragraph 7, above, within 30 days of the Court's entry of this Order, or if Bartlett does agree to the terms in Paragraph 7 but fails to remove his personal belongings upon the time to vacate the Property, any personal property remaining on the

Property 30 days after the date of this order (or remaining after any later time that Brian P. Bartlett is required to vacate the Property) is deemed forfeited and abandoned, and the United States, the Receiver, the United States Marshals, or their agents are authorized to dispose of the personal property in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale and the balance shall be held in escrow in a manner consistent with private sales pending distribution pursuant to further order of this Court.

10. **EVICTION UPON VIOLATION OF PARAGRAPH 7.** If Brian P. Bartlett agrees to abide by the terms set forth in Paragraph 7, above, but is later found to be in violation of his agreement, the United States may apply to the Court to authorize the U.S. Marshals Service to evict Mr. Bartlett (and any other persons residing at the Property) from the Property as set forth in Paragraph 8, above, and to have all personal property remaining on the Property deemed abandoned.

11. **MAINTAINING THE VALUE OF THE PROPERTY.** Brian P. Bartlett shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. Mr. Bartlett shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet or social media postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

12. **RECEIVER RIGHTS AND POWERS.** The Receiver shall have all of the rights and powers necessary to fulfill the Receiver's obligations under this order, specifically including,

but not necessarily limited to, the power to retain the services of a locksmith in order to gain access into and to secure the Property, to advertise the sale of the Property, and to take any action reasonably necessary to protect and preserve the value of the Property prior to sale, and to put the Property into saleable condition, including making expenditures of funds that are first approved by the United States for reasonable and necessary maintenance and minor improvements.

13. **RECEIVER COMPENSATION**. The Receiver shall be compensated from the proceeds of the sale of the real property described above (a) in an amount not to exceed six (6) percent of the gross sale proceeds, to be split equally with any buyer's agent, but if the buyer is not represented by an agent the Receiver's compensation will not exceed four (4) percent of the gross sale proceeds; and (b) reimbursed for her reasonable and necessary expenditures to protect and preserve the value of the Property that were first approved by the United States.

14. **LISTING PRICE**. The Receiver shall set an initial listing price for the Property and may reduce the listing price as necessary in her judgment, with the United States' approval.

15. **CLOSING**. The closing for any real property shall not occur until after the sale for such real property has been approved by further order of this Court. At closing, the purchaser or purchasers shall receive a Receiver's deed to such purchased real property executed by the Receiver.

16. **DISBURSEMENTS AT THE CLOSING TABLE.** At the closing, the title company or attorney conducting the closing shall disburse from the gross sale proceeds the funds necessary to pay any outstanding real property taxes, water, sewer, and other utility fees, the seller's share of fees and costs reasonable and necessary for the closing, commissions for the Receiver and any to be shared with a buyer realtor, agent or broker, and reimbursement of expenses paid by the Receiver or her firm that were approved by the United States.

17. **MOTION FOR DISTRIBUTION OF NET PROCEEDS OF SALE.** After the closing, the United States shall file a motion for distribution of the net proceeds of sale. The motion shall specify the persons or entities that are to receive the remaining proceeds of sale and the respective amount each of them is to receive. The defendants shall have the right to object to such motion.

18. **ESCROW AND DISTRIBUTION AGENT.** In addition to conducting the closing, the title company or attorney selected by the Receiver shall hold in escrow the net proceeds remaining after the payment at the closing of the direct costs of the sale of the Property, pending the entry of an order of distribution by the Court. Upon receipt of an order of distribution entered by the Court, the title company or attorney that conducted the closing shall distribute the net proceeds promptly and in accordance with the order.

SO ORDERED.

Date: 7-28-25

_____
HON. RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE